UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
MICHAEL LEGGETT,

                  Plaintiff,

       -against-                         **COMPLAINT**

CITY OF NEW YORK AND
SHERLON J. CROMWELL,                **PLAINTIFF DEMANDS**
                                      **A TRIAL BY JURY**

                 Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

       Plaintiff Michael Leggett, by his attorneys, Lumer & Neville, as and for his

Complaint, hereby alleges as follows, upon information and belief:


### PARTIES, VENUE and JURISDICTION

       1.      At all times hereinafter mentioned, plaintiff was an adult male resident

of the State of New York, Kings County.

       2.      At all relevant times hereinafter mentioned, defendant City of New

York was and is a municipal corporation duly organized and existing under and by virtue of

the laws of the State of New York,  and acts by and through its agencies, employees and

agents, including, but not limited to, the New York City Police Department ("NYPD"), and

their employees.

       3.      At all relevant times hereinafter mentioned, defendant Sherlon J.

Cromwell  was employed by the City of New York as a member of the NYPD. Cromwell is

sued herein in his official and individual capacities.

4.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

5.      Venue is properly laid, pursuant to 28 U.S.C. Section 1391, <u>et</u> <u>seq.</u>, in the Eastern District of New York, where the defendant City of New York resides, and where the majority of the actions complained of herein occurred.

6.      That at all times relevant herein, the defendant was on duty and acting within the scope of his employment, and his acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## RELEVANT FACTS

7.      On or about January 31, 2014, at or about 10:00 p.m., plaintiff was lawfully in the area of 683 East 57th Street, Brooklyn, New York 11234.

8.      Plaintiff was lawfully present in the above vicinity when he was approached by Defendant Cromwell, who asked plaintiff if he "had anything on" him.

9.      The plaintiff answered "no," and Defendant Cromwell searched the area near and around the plaintiff;  no contraband was discovered.

10.     Defendant Cromwell then went to a location a substantial distance away from the plaintiff, and allegedly found a small amount of marijuana.

11.     Defendant Cromwell then misrepresented the truth to his fellow officers later by lying and stating to fellow officers that the marijuana belonged to the plaintiff.

12.     The plaintiff denied that the marijuana belonged to him.

13.     Notwithstanding the plaintiff's denial, the plaintiff was arrested.

14.     Plaintiff was transported to a local area police station house where he was imprisoned for a period of hours while his arrest was processed.

15.     Plaintiff was then issued a desk appearance ticket and later released from the local area police station house.

16.     Defendant Cromwell, who knew the false nature of the accusations, caused Paralegal Amy Cruz of the Kings County District Attorney's Office ("KCDA") to prepare a criminal court complaint, which complaint was based upon the false statements of Defendant Cromwell.

17.     Said criminal court complaint was sworn to and signed by Defendant Cromwell under penalty of perjury in order to justify this illegal arrest,  and to persuade the KCDA to commence the plaintiff's criminal prosecution.

18.     Defendant Cromwell was aware of the false nature of the arrest that he participated in or was otherwise aware of the creation of these false factual grounds for plaintiff's arrest.

19.     Defendant Cromwell knew and understood that the KCDA, in evaluating whether to commence a criminal prosecution against the plaintiff, was relying on the truthfulness of the defendant's  claims and was assuming that all of the factual statements and claims the defendant was relaying were truthful in all material respects.

20.     As a direct result of these false allegations promoted by the defendant,

the plaintiff was criminally charged by the KCDA under docket 2014KN024805, which docket contained  one count of Criminal Possession of Marihuana in the Fifth Degree, and one count of Unlawful Possession of Marihuana.

21.     Plaintiff returned to court on multiple occasions before agreeing to an Adjournment in Contemplation of Dismissal to resolve the case.

22.     The individual defendant intentionally and deliberately transmitted false statements to his supervising officers and the KCDA and/or failed to file accurate or corrective statements.

## FIRST CAUSE OF ACTION

23.     Plaintiff repeats the allegations contained in each of the preceding paragraphs.

24.     Defendant willfully and intentionally seized and arrested plaintiff, and caused him to be imprisoned, without probable cause, and without a reasonable basis to believe such cause existed.

25.     Defendant willfully and intentionally fabricated evidence and denied plaintiff's right to due process by falsely claiming that he observed plaintiff engage in unlawful or criminal conduct when he knew this to be untrue; the defendant then forwarded these materially false factual claims to the KCDA in order to bring about and cause the criminal prosecution of the plaintiff.

26.     By so doing, the individual defendant subjected the plaintiff to false

arrest and imprisonment and the deprivation of his right to due process and a fair trial

through the use of fabricated evidence, and thereby violated the plaintiff's rights under the

Fourth, Sixth, and Fourteenth Amendments of the United States Constitution.

27.     By reason thereof, the individual defendant has violated 42 U.S.C.

§1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish,

incarceration and the deprivation of liberty, and the loss of his constitutional rights.


## SECOND CAUSE OF ACTION

28.     Plaintiff repeats the allegations contained in each of the preceding

paragraphs.

29.     Defendant City of New York was responsible for ensuring that

reasonable and appropriate levels of supervision were in place within and/or over the

NYPD.

30.     Defendant City of New York had actual or constructive knowledge that

there was inadequate supervision over and/or within the NYPD with respect to its members'

abuse of their authority, abuse of arrest powers, fabrication of evidence, and other blatant

violations of the United States Constitution and the rules and regulations of the NYPD.

Despite ample notice of inadequate supervision, Defendant City of New York took no steps

to ensure that reasonable and appropriate levels of supervision were put in place to

reasonably ensure that NYPD members engaged in police conduct in a lawful and proper

manner, including their use of their authority as law enforcement officers with respect to the

general public, including, and specifically, the plaintiff herein.

31.     The Defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, including the manufacturing of evidence, in the ordinary course of NYPD business, in flagrant disregard of the state and federal constitutions, as well as the New York City Police Department Patrol Guide, up to and beyond the plaintiff's arrest.

32.     The acts complained of herein are a direct and proximate result of the failure of the City of New York and the NYPD properly to select, train, supervise, investigate, promote and discipline police officers and their supervisory officers.

33.     The failure of the City of New York and the NYPD to properly select, train, supervise, investigate, promote and discipline police officers and their supervisory officers constitutes gross and deliberate indifference to unconstitutional conduct by those officers.

34.     The official policies, practices and customs of the City of New York and the NYPD alleged herein violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

35.     All of the acts and omissions by the individual defendant described above were carried out pursuant to policies and practices of the municipal defendant, and the

individual defendant acted in his capacity as a police officer  pursuant to customs, policies, usages, practices, procedures, and rules of New York City and the NYPD, all under the supervision of ranking officers of the NYPD.

36.     Therefore the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD,  and that the City of New York was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of the plaintiff's rights in particular.

37.     By reason thereof, the municipal defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional injuries, mental anguish, the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

    i.     on the first cause of action, actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action, actual damages in an amount to be determined at trial;

iii.      statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv.      such other relief as the Court may deem just and proper.

Dated:   July 7, 2015
New York, New York

LUMER & NEVILLE
Attorneys for Plaintiff
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060


By:             /s/
          James Concemore Neville (JN-2128)